## FITES v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2215.   Decided Oct 18, 1932

Michael A. Coughlin, Columbus, and Benson Ogier, for plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, Ralph J. Bartlett, Columbus, and Forrest J. Detrick, Worthington, of counsel, for defendant in error.

HORNBECK, J.

It is urged by counsel for plaintiff in error that the statutes relating to criminal procedure must be strictly construed and that there is no authority of statute permitting the court to take the action appearing in the instant case. The only section treating of the subject matter involved is §11452, GC, which is carried under the heading "Trial," and refers to civil cases. It may be said, as suggested by counsel for plaintiff in error, that there is no specific statute relating to criminal procedure authorizing the action taken by the trial judge. But, as we view it, the situation now is identical with that which confronted the court in **Hulse v The State, 35 Oh St, 421**. It was there held that the court committed no error in stating his recollection of the testimony to a jury which had the case under deliberation upon its recall. The proposition urged in the instant case was evidently advanced to the Supreme Court in the Hulse case. The court considered, discussed and disposed of the matter adversely to the claim of the plaintiff in error, which will be found at page 429 of the opinion. The action of the trial court in the Hulse case being approved without specific statute authorizing it the proposition was **stare decisis** and the committee afterwards drafting a new criminal code might safely accept it without the necessity of a new statute in the matter. This is a well recognized rule of construction.

But, if the action of the court was irregular, we believe it would be controlled by §13449-5 GC, enacted since the decision in the Hulse case, which provides, in part, that no motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court for causes set out in the section, "nor for any other cause whatsoever unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

We have carefully examined the record containing the exact testimony of the witness about which the jury inquired and the statement of the trial court setting forth his recollection of what the witness had said, and find that his statement of the evidence is substantially correct. The jury, by action of the trial court, only had made available to it correct information respecting that to which the witness had testified The court likewise admonished the jury that its independent recollection should control in the event of any difference of opinion between what the court had said to them and what they recalled the witness had said. In this situation it is probable that the jury was aided in reaching a correct verdict. In any event it does not affirmatively appear as required by §13449-5, GC, that the plaintiff in error was prejudiced by the action of the trial court.

The judgment will therefore be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.