STATE, Appellee, v. KOLLAR, Appellant.

Ohio Appeals, Ninth District, Wayne County.

No. 1122.   Decided October 29, 1952.

Jack H. Critchfield, Pros. Atty., Wooster, for appellee.

W. H. H. Wertz, Wooster, for appellant.

## OPINION

By HUNSICKER, PJ.

Andrew Kollar, the appellant, was found guilty after a jury trial of a violation of §13105-1 GC.  The judgment was entered, and an appeal perfected to this court by the appellant, who says that:

1. The verdict is manifestly against the weight of the evidence.

2. The court erred in overruling defendant's motion for a directed verdict.

3. The court committed prejudicial error in its charge to the jury.

4. The court committed prejudicial error in furnishing the wrong verdict blank to the jury.

This court has carefully read the bill of exceptions, and we find there was sufficient competent evidence introduced to justify the verdict and judgment.  We therefore do not find that the verdict is manifestly against the weight of the evidence, and the court did not err to the prejudice of the appellant, Andrew Kollar, in overruling his motion for a directed verdict.

The trial court sent to the jury room. at the time the jury retired for their deliberations, two forms of verdict—one of "guilty" and the other of "not guilty." After the jury had deliberated for forty minutes. the jury returned to the court room, and the foreman presented to the trial judge a written question. The bill of exceptions shows that the following proceedings then took place:

"The Court: I have a question here that is signed by your foreman: 'What was Mr. Hilligas' testimony as to whether he asked Mr. Kollar it he owned or operated the farm?'

"From my recollection, and I have checked with the court reporter and found it to be correct, the testimony pertaining to that was that he asked the questions on State's Exhibit A, and that he wrote down the answers that the defendant, Andrew Kollar, gave nim, and that is the way State's Exhibit A was made up. Now that was my recollection and that is the way it is in the record.

"Now, ladies and gentlemen, I am going to exchange the verdict form marked 'guilty,' and give you this verdict form in place of the other for the reason that under the law if you find the defendant 'guilty' it is necessary that you ascertain and declare the amount of property or credit procured. Under the statute, if it is under $60 it is one offense and if it is more than $60 it is another. I will ask you to fix that amount.

"Now I take it that answers your question."

Although the trial court read §13105-1 GC, as amended effective September 10, 1951, which section as amended was not in effect at the time the offense complained of was committed, yet the section before amendment was identical with the one which the court read except for the amount of money which differentiated the offense as a felony or a misdemeanor. The section as it read prior to the amendment made it a felony "if the value of the thing or amount of the loan, credit or benefit procured is thirty-five dollars or more," whereas, in reading the section as amended, the amount determining that the offense is a felony is fixed at sixty dollars or more.

The appellant, Kollar, was not prejudiced by such direction given to the jury, for they found the value to be $250. Under the terms of §13449-5 GC, no judgment of conviction shall be reversed "for any misdirection of the jury unless the accused was or may have been prejudiced thereby"

The trial court discovered, after sending to the jury the forms of verdict, that the form of verdict in the event the jury found the defendant. Kollar, guilty, was not the proper form to be used. The trial court then substituted the correct form for the incorrect form. In doing that. the trial court was acting in a proper manner, and no prejudice to the rights of the appellant occurred.

The trial judge also gave orally his recollection of the testimony of Mr. Hilligas concerning the question asked by the jury. An examination of the testimony as shown by the bill of exceptions. discloses that the court gave a correct summary of the evidence on the point raised by the question submitted by the jury.

The Code of Civil Procedure contains a provision (§11420-6 GC) for the court, after the jury retires to deliberate, to give its recollection of the testimony upon a disputed point, and to give additional instructions if the

jury so desires. The Code of Criminal Procedure contains no corresponding provision, but an examination of the reported cases where a similar situation existed, indicates that the trial judge in a criminal case has such power as was exercised in the instant case.

Hulse v. State, 35 Oh St 421; Fites v. State, 13 Abs. 140; State v. Kennedy, 72 Oh Ap 462, at p. 468.

We therefore determine that the action of the trial judge in stating his recollection of the testimony of Mr. Hilligas, in answer to the question of the jury, was not prejudicial error.

We have examined all the claimed errors, and find none prejudicial to the substantial rights of the appellant.

The judgment is affirmed.

DOYLE, J, and STEVENS, J, concur.